IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           No. 1:16-cr-10060-JDB-6

DEON EUGENE BROWN, SR.,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION FOR RELIEF UNDER THE FIRST STEP
ACT OF 2018

---

On July 8, 2019, the Defendant, Deon Eugene Brown, Sr., made a pro se filing requesting a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 467.) Assistant Federal Defender LaRonda R. Martin, on July 26, 2019, filed a notice of completed review, indicating that, in her opinion, no relief was warranted. (D.E. 477.) In its response filed July 26, 2019, the Government concurred. (D.E. 476.)

The Defendant was indicted in this district on May 16, 2016, for various offenses involving methamphetamine. (D.E. 2.) Pursuant to a guilty plea to one count of the indictment, he was sentenced on March 29, 2018, to 275 months' incarceration, to be followed by five years of supervised release. (D.E. 444.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

1

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant. § 404(b), 132 Stat. at 5222. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, the FSA "permits the retroactive reduction of certain drug trafficking sentences, but applies only to those convicted of crack cocaine offenses." *Id.* at 809 (quoting *United States v. Jones*, No. 3:94-CR-00090, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019)); *see United States v. Wiseman*, ___ F.3d ___, 2019 WL 3367615, at *3 (6th Cir. July 26, 2019) ("Section 404 of the Act makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010.").

The crime for which Brown was convicted involved methamphetamine rather than crack cocaine; accordingly, it is not a "covered offense" for FSA purposes. *See United States v. Gonzalez-Oseguera*, Crim. No. 06-00593 HG-01, 2019 WL 1270916, at *1-2 (D. Haw. Mar. 19,

2019) (because the defendant was sentenced for an offense involving methamphetamine, not crack cocaine, he was ineligible for a reduction under the FSA). As the FSA provides Defendant no relief, his motion is DENIED.

IT IS SO ORDERED this 16th day of August 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE